

# NUMBER 13-10-00637-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ARTURO SAMUEL TREVINO & LEXINGTON**
**NATIONAL INSURANCE CO. D/B/A EL PADRINO**
**BAIL BONDS,**                                      **Appellants,**

**v.**

**THE STATE OF TEXAS,**                                   **Appellee.**

---

### On appeal from the 404th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion Per Curiam

Appellants, Arturo Samuel Trevino & Lexington National Insurance Co. d/b/a El Padrino Bail Bonds, perfected an appeal from a judgment entered by the 404th District Court of Cameron County, Texas, in cause number 2010-01-27-G. Because this case is

a criminal matter, the Clerk of the Court has assigned it a "CR" designation.    However, this appeal is governed by the same procedural rules which govern civil appeals.   TEX. CODE CRIM. PROC. ANN. art. 44.44 (Vernon 1979).

The parties to this appeal have filed a "Joint Motion to Dispose of Appeal" under Texas Rule of Appellate Procedure 42.1(a)(2)(A).   The parties request that this Court vacate the trial court's judgment without regards to the merits and render judgment in accordance with the agreement of the parties.

The Court has considered the motion and it is the Court's opinion that the motion should be granted in part and denied in part.[1]   Accordingly, without regard to the merits, we vacate the judgment as to appellants and remand the case to the trial court for rendition of judgment in accordance with the parties' settlement agreement.   See TEX. R. APP. P. 42.1(a)(2)(B); 43.2(d).

PER CURIAM

Do not publish.   See TEX.R.APP.P. 47.2(b).

Delivered and filed the
23rd day of June, 2011.

---

[1] Rule 42.1(a)(2) permits the Court to render judgment effectuating the parties' agreements *or* to vacate the trial court's judgment and remand the case to the trial court for rendition of judgment in accordance with the agreement; we cannot do both.   See TEX. R. APP. P. 42.1(a)(2)(A), (B).